954 F.2d 733
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Henk VISSER, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 91-5129.
 United States Court of Appeals, Federal Circuit.
 Jan. 10, 1992.
 
 Before RICH, ARCHER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Henk Visser appeals from the Claims Court's March 8, 1991 order, Nos. 91-997C, 91-998C, 91-999C, 91-1000C, and 91-1001C, and the Claims Court's March 13, 1991 order, Nos. 91-1010C and 91-1011C, dismissing Visser's seven complaints for lack of jurisdiction. We affirm.*
 
 OPINION
 
 2
 Visser filed seven complaints relating generally to an alleged conspiracy between government agencies to obstruct justice and to steal checks from the United States mail that were payable to Visser. Visser sought, variously, $300 million, $300,000, $950 million, $100 million, $102 million and $2 billion in damages. The Claims Court, sua sponte, dismissed all seven cases on the ground that Visser's claims were not within its limited jurisdictional grant as set forth in the Tucker Act, 28 U.S.C. § 1491.
 
 
 3
 Visser has neither shown or alleged the existence of any contract, express or implied, with the government, nor identified a money mandating statute, regulation or constitutional provision on which to base his claims. The Claims Court correctly determined that Visser's claims do not fall under its jurisdiction as set forth in the Tucker Act. Accordingly, the Claims Court's orders are affirmed. See Dawco Construction v. United States, 930 F.2d 872, 877 (Fed.Cir.1991).
 
 
 
 *
 On January 2, 1992, Visser filed with this court a document labelled "Motion in Oppositing [sic] to False Pretended Process, Coram Non Judice; Complaint Under 28 USC 591(c)." Visser's "motion" is not a conforming formal brief as required by the Order of Judge Rich, filed December 12, 1991, and will not be accepted as such. In any event, the "motion" is denied